# In the United States Court of Federal Claims

No. 17-217C
Filed June 1, 2017
NOT FOR PUBLICATION

ORIGINAL

FILED
JUN - 1 2017
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| STEPHEN SHARPE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> Defendant. ) <br> ) | *Pro Se*; RCFC 12(b)(1), Subject-Matter Jurisdiction; Claims Against a Private Party. |

*Stephen Sharpe*, Lyons, GA, plaintiff *pro se*.

*Sean A. Siekkinen*, Trial Attorney, *Deborah A. Bynum*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Chad A. Readler*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**MEMORANDUM OPINION AND ORDER**

GRIGGSBY, Judge

## I. INTRODUCTION

*Pro se* plaintiff, Stephen Sharpe, brought this action seeking monetary damages and other relief from several private entities and individuals, and the Superior Court of Georgia. The government has moved to dismiss this matter for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted, pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons set forth below, the Court **GRANTS** the government's motion to dismiss.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

Plaintiff *pro se*, Stephen Sharpe, resides in Lyons, Georgia. Compl. at 2. Plaintiff commenced this action on February 13, 2017. *See generally* Compl.

Plaintiff's complaint is difficult to follow. In the complaint, plaintiff alleges, among other things, that:

> THIS ATTORNEY MASSIVE MCINTYRE USED THE U,S. SUPERIOR COURTHOUSE TO COMMITTEE FRAUD. MASSIVE MCINTRYE HAD A FRAUDULENT CONTRACT A (BALLOON NOTE CONTRACT). The clerk office was holding that contract, at the courthouse. He copied my wife an I signature to that contract. If I would have taken my titiles an deeds to the clerks office, they would have taken our home. That Balloon Note contract went from Key Bank, Seiect Portifolio Inc. Quantum Servicing Corp, Residential credit solutions Inc. Ditech and SN Servicing Corporation. Eighteen yaers [sic] Sept.2015 Massive Mcintrye put another contract in the clerk's Office put a lien on my property stating that the loan was paid in full. I filed a complaint against these companies, with the Consumer Financial Protecting Bureau to show prove of the Lien Holder are Note Holder. Not one company could. Key Bank couldn't tell me how money did I borrow. It was a Equity Line of credit for ten-thousand dollar's. The U.S. Superior is part of the Government, These companies are Regulated by the Federal Government.

*Id.* at 2. Plaintiff seeks to recover $63,733.96 from several of the above-mentioned companies, private individuals and state government entities and he also seeks to "have the contract r[e]moved" from the Superior Court of Georgia's courthouse. *Id.* at 3, Ex. 2.

On February 28, 2017, plaintiff filed a notice under seal with the Court that contains additional information about his claim. *See generally* Pl. Notice. In the notice, plaintiff alleges that:

> Malcom Bryant Attorney/Judge use the U.S. Superior Courthouse to committee fraud [sic]. As a judge Malcom Bryant get paid by the government when he set on the bench. This contract from First Family Financial Service is a fraudulent contract. My property that's on 188 Pecan Place is filed under Tapley St. I have paid double taxes on 188 Pecan Place. Both warranty deed have never been filed with the courthouse, Malcom Bryant told the clerk to hold this contract at the

---

[1] The facts recited in this Memorandum Opinion and Order are taken from plaintiff's complaint ("Compl.") and the exhibits attached thereto ("Compl. at Exs. 1-3") and plaintiff's notice ("Pl. Notice").

courthouse. The land that I brought was only for $8,000.00 Dallor's [sic]. The contract is fraud against the court.

*Id.* In the notice, plaintiff also seeks to recover $17,848.00 that he alleges that he overpaid "on a fraud contract" and "to have that contract removed from the courthouse." *Id.*

Plaintiff also has attached several documents to the complaint which appear to pertain to a residential loan that plaintiff received for property located in Toombs County, Georgia, including a balloon note issued by Key Bank USA, National Association ("Key Bank") and a security deed, signed by plaintiff and his spouse. Compl. at Ex. 1.

### B. Procedural Background

On February 13, 2017, plaintiff filed the complaint in this matter. *See generally* Compl.; Compl. at Exs. 1-3. On February 28, 2017, plaintiff filed a notice under seal by leave of the Court. *See generally* Pl. Notice.

On April 13, 2017, the government filed a motion to dismiss this matter for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(1) and 12(b)(6). *See generally* Def. Mot. On May 8, 2017, plaintiff filed a response and opposition to the government's motion to dismiss. *See generally* Pl. Resp. On May 10, 2017, the government filed a reply in support of its motion to dismiss. *See generally* Def. Reply.

The government's motion to dismiss having been fully briefed, the Court resolves the pending motion.

### III.   STANDARDS OF REVIEW

#### A. *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*. The Court recognizes that parties proceeding *pro se* are granted greater leeway than litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). Nonetheless, "[w]hile a court should be receptive to *pro se* plaintiffs and assist them, justice is ill-served when a jurist crosses the line from finder of fact to advocate." *Demes v. United States*, 52 Fed. Cl. 365, 369 (2002). And so, while the Court

may excuse ambiguities in plaintiff's complaint, the Court does not excuse the complaint's failures. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

In addition, this Court has long recognized that "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). For this reason, a *pro se* plaintiff–like any other plaintiff–must establish the Court's jurisdiction to consider his claim by a preponderance of the evidence. *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010).

### B. RCFC 12(b)(1)

When deciding a motion to dismiss for lack of subject-matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006); RCFC 12(b)(1). Plaintiff bears the burden of establishing subject-matter jurisdiction, and must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). And so, should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Specifically, the Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2011). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan,* 424 U.S. 392, 398 (1976). And so, to come within the jurisdictional reach and waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages. *Fisher v. United States*, 402

4

F.3d 1167, 1172 (Fed. Cir. 2005). If the Court finds that the source of law alleged is not money-mandating, the Court must dismiss the case for lack of jurisdiction. *Id.* at 1173; RCFC 12(b)(1).

### C. RCFC 12(b)(6)

Lastly, when deciding a motion to dismiss based upon failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6), this Court must assume that all undisputed facts alleged in the complaint are true and draw all reasonable inferences in the non-movant's favor. *Erickson*, 551 U.S. at 94; *see also* RCFC 12(b)(6). To survive a motion to dismiss pursuant to RCFC 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). And so, when the complaint fails to "state a claim to relief that is plausible on its face," the Court must dismiss the complaint. *Iqbal*, 556 U.S. at 678 (citation omitted). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity" and determine whether it is plausible, based upon these facts, to find against defendant. *Id.* at 679.

## IV. LEGAL ANALYSIS

### A. The Court Does Not Possess Jurisdiction To Consider Plaintiff's Claims

The government has moved to dismiss plaintiff's complaint upon two grounds. *See generally* Def. Mot. First, the government argues that the Court does not possess subject-matter jurisdiction to consider plaintiff's claims, because plaintiff fails to identify any source of law to establish the Court's jurisdiction and plaintiff's claims are not brought against the United States. *Id.* at 5-6; 28 U.S.C. § 1491(a)(1). Alternatively, the government argues that the Court should dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted, because plaintiff fails to state a plausible claim for relief. Def. Mot. at 6. For the reasons discussed below, the Court agrees that it does not possess subject-matter jurisdiction to consider plaintiff's claims against private and state government entities, and private individuals. And so, the Court **GRANTS** the government's motion to dismiss and dismisses the complaint.

A plain reading of the complaint shows that plaintiff's claims are jurisdictionally precluded, because this Court may not consider claims against private individuals and entities, or the Superior Court of Georgia. It is well-established that the United States is the only

appropriate defendant in a case brought in the United States Court of Federal Claims. RCFC 10(a); *see also United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[The Court of Federal Claims'] jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, . . . and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court. . . ."). And so, the jurisdiction of this Court extends only to claims against the United States and "a controversy between private parties could not be entertained." *Nat'l City Bank v. United States*, 143 Ct. Cl. 154, 164 (1958); *see also Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) ("[T]he *only* proper defendant ... before [the United States Court of Federal Claims] is the United States, not its officers, nor any other individual.") (emphasis existing).

The Court is also without jurisdiction to consider claims against states or state government entities. *Sherwood*, 312 U.S. at 588 (For suits filed in the United States Court of Federal Claims and its predecessor, "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."). And so, "the *only* proper defendant for any matter before this Court is the United States, not its officers, nor any other individual." *Stephenson*, 58 Fed. Cl. at 190 (emphasis existing); *see also Sherwood*, 312 U.S. at 588.

In the complaint, plaintiff seeks to recover monetary damages from several private entities and individuals, including two attorneys, Key Bank and First Family Financial Services. Compl. at 2-3, Ex. 2; *see also* Pl. Resp.; Pl. Notice at 1-2. In addition, plaintiff appears to seek injunctive relief from the Superior Court of Georgia regarding the removal of his balloon note from that court's land records. *See generally* Compl. This Court does not possess jurisdiction to entertain such claims. *See Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1308 (Fed. Cir. 2007); *see also Reid v. United States*, 95 Fed. Cl. 243, 248 (2010) ("The Court of Federal Claims does not have jurisdiction to hear plaintiff's claims naming states, localities, state government agencies, local government agencies and private individuals and entities as defendants."); *Woodson v. United States,* 89 Fed. Cl. 640, 649 (2009) (citing *Shaihoub v. United States*, 75 Fed.

Cl. 584, 585 (2007)). And so, the Court must dismiss plaintiff's complaint for lack of subject-matter jurisdiction. RCFC 12(b)(1).[2]

## V.   CONCLUSION

In sum, plaintiff brings no claims against the United States, or any of its agencies, in this action. Rather, plaintiff asserts claims against private individuals and companies and the Superior Court of Georgia. Because the Court does not possess subject-matter jurisdiction to consider such claims, the Court must dismiss the complaint.

And so, for the foregoing reasons, the Court **GRANTS** the government's motion to dismiss.

The Clerk is directed to **ENTER** judgment in favor of the government **DISMISSING** the complaint.

No costs.

**IT IS SO ORDERED.**

_____
LYDIA KAY GRIGGSBY
Judge

---

[2] Because the Court concludes that it does not possess subject-matter jurisdiction to consider plaintiff's claims, the Court does not reach the government's arguments with respect to RCFC 12(b)(6).